# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THERESA HANSEN, an individual, | Case No. 2:19-cv-00608-RFB-CWH |
| Plaintiff, | ORDER |
| v. | |
| ALBERTSON'S LLC, a Delaware Limited Liability Company; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

The Court has reviewed the record in this case and finds that the Petition for Removal (ECF No. 1) does not adequately establish the amount in controversy as required for diversity jurisdiction.

## II. PROCEDURAL BACKGROUND

Plaintiffs sued Defendant on February 7, 2019 in the Eighth Judicial District Court of Nevada, claiming damages resulting from Plaintiff falling in Defendant's retail store. In the complaint, Plaintiffs seek general damages in an amount exceeding $15,000, special damages, punitive damages, attorney's fees, and costs.

On January 29, 2019, Plaintiff sought exemption from Nevada's arbitration program ("arbitration program"), which requires arbitration for any civil case initiated in the state district courts in which the "probable jury award value" exceeds $50,000 per plaintiff. Nevada Arbitration Rule ("N.A.R.") 3(A). Plaintiffs filed a request for exemption from the arbitration program, asserting medical damages totaling $18,351.81. Based on Plaintiff's request for exemption from

the arbitration program, Defendant removed this matter to this Court on April 10, 2019, citing diversity jurisdiction as the basis for federal jurisdiction.

**III.  LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995). A federal court therefore has a *sua sponte* obligation to ensure that it has subject matter jurisdiction. Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted); see also Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). Indeed, "subject matter jurisdiction can never be waived or forfeited." Gonzalez, 565 U.S. at 134.

A defendant may remove to federal court a case initially filed in state court if the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). When a case is removed solely under 28 U.S.C. § 1441(a), all defendants that have been properly joined and served must either join in, or consent to, removal. 28 U.S.C. § 1446(b)(2).

"Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). A federal court should remand a case to state court if any doubt exists as to the right to removal. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). Further, when "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013).

Federal courts have original jurisdiction over actions where the matter in controversy is greater than $75,000 if there is complete diversity between the plaintiff and each defendant. 28 U.S.C. § 1332(a). A defendant must remove the matter within one of two thirty-day windows:

1 "during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)(3)). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Id.

**IV.  DISCUSSION**

After conducting a *sua sponte* review to determine its jurisdiction over this matter, the Court finds that Defendant has failed to adequately establish the requisite amount in controversy to establish diversity jurisdiction. While Plaintiff seeks $18,351.81 in the request for exemption from arbitration, the amount must exceed $75,000.00 to meet the jurisdictional threshold. Speculation is insufficient to establish removal jurisdiction. See Corral, 878 F.3d at 774; see also Ibarra, 775 F.3d at 1197. While Plaintiff seeks over $18,000.00 in medical damages, the case does not meet the higher jurisdictional threshold of $75,000.00. Indeed, the Defendant actually opposed the Plaintiff's claim of arbitration exemption based upon a threshold of $50,000, arguing that there was insufficient evidence of even $50,000 in damages. The amount in controversy cannot be met by mere speculation as to damages. The Court therefore finds that Defendant has not met its burden of establishing the amount in controversy exceeds $75,000.00 and remands this matter to state court accordingly.

**V.  CONCLUSION**

**IT IS ORDERED** that Clerk of the Court shall remand this matter to the Eighth Judicial District Court in Clark County, Nevada for lack of subject matter jurisdiction.

/ / /

/ / /

/ / /

1 **IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case accordingly.

DATED: April 12, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**